# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| ELTON LLOYD STONER, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-156 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Elton Lloyd Stoner's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The government opposes the motion, arguing that Johnson does not affect movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were enumerated clause convictions, not residual clause violent felonies. The government also argues that movant's motion actually seeks relief based on statutory interpretation principles set forth in Mathis v. United States, 136 S. Ct. 2243 (2016), and does not rely on a new rule of constitutional law, as required by 28 U.S.C. § 2255(h)(2). For the reasons below, the Court will grant movant's motion.

**I.     Background**

On October 25, 2007, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count indictment against movant Elton Lloyd Stoner. United States v. Stoner, Case No. 1:07-CR-170 CAS. The Indictment charged that on or about May 27, 2007, movant possessed a firearm that affected interstate commerce after he had been convicted of felony

offenses, in violation of 18 U.S.C. § 922(g)(1). The Indictment also notified movant that he was eligible for sentencing under the ACCA as an Armed Career Criminal.

On March 10, 2008, movant entered a plea of guilty to the Indictment.

A presentence investigation report ("PSR") was prepared after movant's plea. The PSR stated that movant met the Career Offender provisions of the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because he had three prior violent felony convictions. The PSR contained conviction information for five offenses prosecuted under Minnesota law that could have qualified him for sentencing under the ACCA: (1) felony theft of a motor vehicle; (2) third-degree burglary; (3) felony theft of a motor vehicle; (4) third-degree assault; and (5) fourth-degree assault. The PSR does not, however, identify which of these convictions were used to establish movant as a Career Offender.

On June 9, 2008, the Court sentenced movant to 180 months imprisonment, and a three-year period of supervised release. Movant did not appeal.

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on June 30, 2009. He argued that trial counsel was ineffective for not investigating an insanity defense. The Court dismissed the motion as without factual basis and denied a certificate of appealability. Stoner v. United States, No. 1:09-CV-84 CAS (E.D. Mo. Mem. and Order of November 2, 2011). Movant did not appeal the dismissal.

After the Supreme Court decided Johnson, movant filed a petition for authorization to file a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which the Eighth Circuit Court of Appeals granted. Stoner v. United States, No. 16-1177 (8th Cir. June 28, 2016). Movant filed the instant § 2255 motion, and later amended it to rely on a recent Eighth Circuit decision in United States v. McArthur, 836 F.3d 931 (2016) (holding defendant's prior

2

Minnesota burglary convictions were not necessarily violent felonies under the ACCA, thus modified categorical approach was proper) ("McArthur I").[1]

## II. Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F. Supp. 3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of burden of proof).

## III. Discussion

In his amended motion, movant asserts that his two 2002 Minnesota convictions for theft of a motor vehicle and his 2002 Minnesota conviction for third-degree burglary no longer qualify as predicate offenses now that Johnson has declared the ACCA's residual clause unconstitutional. The government responds that despite Johnson, movant is still subject to the armed career criminal enhancement because his status does not rest on the ACCA's residual clause. Although the government does not challenge the assertion that the convictions for motor vehicle theft are no longer violent felonies, the government asserts that movant's third-degree burglary conviction was

---

[1] After briefing on this § 2255 motion had closed, McArthur I was revisited by the Eighth Circuit in light of the Supreme Court's decision in Mathis. The Eighth Circuit treated Minnesota's third-degree burglary statute as indivisible, rather than divisible as it had in McArthur I. The Eighth Circuit analyzed the statute using the categorical approach, and found it broader than generic burglary. The Eighth Circuit held that the defendant's convictions under Minnesota's third-degree burglary statute did not qualify as violent felonies. United States v. McArthur, 850 F.3d 925, 938-940 (8th Cir. 2017) ("McArthur II").

3

classified as a violent felony under the enumerated clause of the ACCA, not the residual clause. Movant's conviction for third-degree burglary under Minnesota law, and whether it can qualify as a predicate offense after Johnson, is the only issue in this § 2255 motion.

The government asserts that movant's claims are not cognizable in a successive § 2255 habeas motion, as his motion fails to meet § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law. The government argues that movant relies on the statutory interpretation principles of Mathis v. United States, 136 S. Ct. 2243 (2016), not the constitutional holding in Johnson.

Movant replies that his motion meets the requirements of § 2255(h)(2) as it is based on Johnson's new rule of constitutional law that is retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257, 1268 (2016), and which was previously unavailable to him. Movant cites to the decision in McArthur I, 836 F.3d at 942-43, in which the Eighth Circuit applied the modified categorical approach to Minnesota's third-degree burglary statute. Although McArthur II, 850 F.3d at 937-40, found the statute to be indivisible and applied the categorical approach, the result was the same. In both McArthur I and McArthur II, the Eighth Circuit found convictions under Minnesota's third-degree burglary statute did not qualify as violent felonies under the ACCA. Pursuant to the McArthur holdings, movant states his Minnesota third-degree burglary conviction cannot be counted against him as a violent felony.

    *A.    The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines

4

violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(B)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563. Recently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1268.

   *B.*  *Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, § 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The government argues that movant's motion does not present a cognizable claim because it is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The government contends that movant attacks his third-degree burglary conviction using an analysis of Minnesota's third-degree burglary statute, and is therefore based on statutory interpretation principles set forth in Mathis, and not on the constitutional holding in Johnson that announced a new rule of federal law.

In Mathis, the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate, the modified categorical approach of analysis cannot be used if the statute

5

itemizes various factual means of committing a single element of a crime, instead of listing multiple elements disjunctively. Mathis, 136 S. Ct. at 2248-53. Specifically, the Court held that because the elements of Iowa's burglary statute–which applies to "any building, structure, [or] land, water, or air vehicle"–are broader than those of generic "burglary"–which requires unlawful entry into a "building or other structure"–prior convictions under the Iowa burglary law cannot give rise to a sentence enhancement under the ACCA. Id. at 2256-57.

As this Court and other courts have recognized, it is Johnson, and not earlier Supreme Court decisions such as Mathis, that may offer persons such as movant relief from his status as an armed career criminal. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017); Slaughter v. United States, 2017 WL 1196483, at *3 (E.D. Mo. Mar. 31, 2017 ); Redd v. United States, 2017 WL 633850, at *3-4 (E.D. Mo. Feb. 16, 2017); Darden v. United States, 2017 WL 168458, at *2 (E.D. Mo. Jan. 17, 2017); Givens v. United States, 2016 WL 7242162, at *3-4 (E.D. Mo. Dec. 15, 2016); Taylor v. United States, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016); Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Ladwig, 192 F. Supp. 3d 1153, 1159-60 (E.D. Wash. 2016).

This is because without Johnson's invalidation of the residual clause, movant would not have a claim under Mathis that he is not an armed career criminal. After Mathis, movant's Minnesota third-degree burglary conviction could no longer be a predicate ACCA violent felony as an enumerated offense, but the conviction would still have qualified as a predicate felony under the residual clause. See, e.g., United States v. Solomon, 998 F.2d 587, 590 (concluding the crime of attempted second-degree burglary in Minnesota was a violent felony under the residual clause). "Only with Johnson's invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA enhancement." Ladwig, 192 F. Supp. 3d at 1159; see also Slaughter, 2017 WL 1196483, at *3; Redd, 2017 WL 633850, at *3; Givens, 2016 WL 7242162, at

6

*3; Taylor, 2016 WL 6995872, at *3; Hayes, 2016 WL 4206028, at *2, cf. Winston, 850 F.3d at 680 n.4 ("Although Winston's claim depends on the interplay between Johnson II, permitting post-conviction review of the ACCA-enhanced sentence, and Johnson I, defining the scope of the force clause, Winston nonetheless relied to a sufficient degree on Johnson II to permit our present review of his claim.")

Because Johnson provides movant with an avenue of relief that was not previously available to him, his motion uses that decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court accordingly rejects the government's argument.

  C. *Movant Was Not Sentenced Under the ACCA's Enumerated Clause*

The government's remaining argument is that movant was sentenced under the ACCA's enumerated clause and therefore Johnson's invalidation of the residual clause does not affect his status as an armed career criminal.

The government points to nothing in the record to support its assertion that movant was sentenced as an armed career criminal under the enumerated clause rather than the residual clause. The Court has reviewed the indictment, the PSR, and the sentencing transcript in the underlying criminal case. These documents do not mention the specific basis for movant's sentence under the ACCA. This is not surprising, as "[n]othing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence." In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016); Winston, 850 F.3d at 682 (quoting Chance, id.). At the time of movant's sentencing there was no need to distinguish between the enumerated and residual clauses, and no need to invoke any specific clause when the Court found that movant qualified as an armed career criminal. See Givens, 2016 WL 7242162, at *3 (citing United States v. Gabourel, 192 F. Supp. 3d 667, 671-72 (W.D. Va.

7

2016)). The Court therefore rejects the government's unsupported argument that movant was sentenced under the ACCA's enumerated clause.

> D. *Movant's Prior Conviction for Third-Degree Burglary Under Minnesota Law No Longer Qualifies as a Violent Felony.*

Movant argues that his Minnesota conviction for third-degree burglary no longer qualifies as a violent felony now that the ACCA's residual clause has been invalidated. The government's Response does not specifically address the merits of this argument, and instead states that movant's motion cannot succeed for the procedural reasons addressed above, namely that it does not rely on Johnson. The Court agrees with movant.

With the invalidation of the residual clause, movant's conviction for Minnesota third-degree burglary could only be a violent crime under the ACCA's enumerated clause, which defines the term "violent felony" to include any felony, whether state or federal that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior conviction will qualify as an ACCA predicate offense "if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136 S. Ct. at 2247. "That means as to burglary–the offense relevant in this case–that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. at 2248 (quoting Taylor, 495 U.S. at 598). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'–even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.[2]

---

[2] The Supreme Court's opinion in Mathis makes clear that the divisibility rule it announced is not a "new" rule. The Court stated that its conclusion was compelled by its precedents going back twenty-five years. See Mathis, 136 S. Ct. at 2247, 2251. Because Mathis did not announce a new rule, courts may apply the decision on collateral review. See Whorton v. Bockting, 549 U.S. 406, 414-16 (2007) (decision that clarifies existing law "applies . . . on collateral review"); Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) ("[W]hen we apply a settled rule . . . a person [may] avail herself of the decision on collateral review.")

The Eighth Circuit recently addressed whether Minnesota's third-degree burglary statute constitutes a violent felony under the ACCA in light of Mathis. See McArthur II, 850 F.3d at 937-40. The Eighth Circuit held that the statute is indivisible and applied the categorical approach. Id.

Minnesota's third-degree burglary statute provides:

> Whoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building , or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, . . . commits burglary in the third degree and may be sentenced to imprisonment for not more than five years . . . .

Minn. Stat. Ann. § 609.582, subd. 3. Under Minnesota law, "enter[ing] a building without consent" includes remaining in a building without the owner's consent. Id. at § 609.581(4).

To determine whether the elements of the offense are broader than those of generic burglary, the Eighth Circuit turned to Taylor, and found that Taylor requires a defendant to have the requisite intent to commit a crime at the time of the unlawful entry or at the time of the unlawful "remaining in" the building. McArthur II, 850 F.3d at 938. If the defendant has the intent to commit a crime at the time of unlawful entry or the unlawful "remaining in," the elements of generic burglary under Taylor are present. Because a conviction under the second alternative of § 609.582, subd. 3, does not require that the defendant have formed the "intent to commit a crime" at the time of the nonconsensual entry or remaining in, it does not qualify as a violent felony. Id. at 938-39. The Eighth Circuit held the second alternative of § 609.582, subd. 3, includes at least one alternative that does not satisfy Taylor. As a result, using the categorical approach, the statute is broader than generic burglary, and a conviction under Minnesota's third-degree burglary statute is not an ACCA crime of violence. McArthur II at 940.

Movant's third-degree burglary conviction under Minnesota law is not an ACCA predicate offense. Both parties concede that this 2002 Minnesota conviction for third-degree burglary is the only predicate offense at issue in this Johnson case. Movant's two convictions for assault remain

9

ACCA predicate offenses. Movant has met his burden to show that his sentence is illegal, because his conviction for third-degree burglary could not have qualified as the necessary third ACCA conviction.

**IV.    Conclusion**

Under the Supreme Court's holding in Johnson, movant's Minnesota conviction for third-degree burglary no longer qualifies as a violent felony under the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Elton Lloyd Stoner's Amended Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that movant Elton Lloyd Stoner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED as moot**. [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in United States v. Elton Lloyd Stoner, No. 1:07-CR-170 CAS, filed June 9, 2008 (Crim. Doc. 36) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Stoner. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Mr. Stoner shall remain in custody pending the sentencing hearing.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 1:07-CR-170 CAS.

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of June, 2017.